IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41492
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE ZUNIGA, also known as Jorge Zuniga,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-00-CR-271-1
- - - - - - - - - -
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

George Zuniga appeals the sentence he received after pleading guilty to possession with intent to distribute approximately 590 kilograms of marihuana. He asserts that the district court erred when it imposed a two level role-in-the-offense increase under U.S.S.G. § 3B1.1(c) and denied his request for a safety valve reduction under U.S.S.G. § 5C1.2 based on a preponderance-of-the-evidence standard rather than the more stringent beyond-a-reasonable-doubt standard. Zuniga offers no

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

legal argument in support of this contention. Thus, he has abandoned any reasonable-doubt argument on appeal by not adequately briefing the issue. See United States v. Lucien, 61 F.3d 366, 370 (5th Cir. 1995).

Zuniga also argues that the district court clearly erred in finding that his role in the criminal activity warranted an enhancement under U.S.S.G. § 3B.1(c), and he faults the court for failing to apply the "safety valve" pursuant to U.S.S.G. § 5C1.2 in computing his sentence.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed. The district court did not clearly err in enhancing Zuniga's offense level by the minimum amount provided for in U.S.S.G. § 3B1.1. See United States v. Parker, 133 F.3d 322, 329-30 (5th Cir. 1998). Furthermore, as a defendant receiving an aggravating role adjustment pursuant to U.S.S.G. § 3B1.1, Zuniga is ineligible for relief under the safety valve provision. See U.S.S.G. § 5C1.2(4).

Accordingly, the judgment is AFFIRMED.